IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHERWIN JOHNSON,

                Plaintiff

    VS.

WENDY SQUIRES, *et. al.*,

                Defendants

NO. 5:07-CV-277 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION ON MOTION TO DISMISS

Plaintiff Sherwin Johnson filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983. Tab #1. Plaintiff's COMPLAINT contains allegations of deliberate indifference and medical malpractice. Defendant Fossier, a medical doctor, timely filed an ANSWER to the lawsuit. Tab#4. The remaining defendants (hereinafter "state defendants") filed a pre-answer MOTION TO DISMISS. Tab #8. Plaintiff, with the assistance of counsel, filed a response to the state defendants' MOTION TO DISMISS and contemporaneously filed a motion to amend his complaint. Tab #10 and Tab #11. Attached to plaintiff's MOTION TO AMEND was his AMENDED COMPLAINT. The undersigned granted plaintiff's MOTION TO AMEND. Tab # 24. The state defendants next filed a MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT incorporating by reference the arguments contained in their initial motion seeking dismissal. Tab #21. Plaintiff timely responded to the state defendants' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT. Tab #27. All defendants filed a reply to plaintiff's response. Tab #29. The two motions seeking dismissal are the subject of the instant Recommendation.

## FACTUAL BACKGROUND

### Part I - July 13, 2005

On July 13, 2005, during his incarceration at Rivers State Prison, plaintiff Johnson injured himself while playing basketball. (Tab #11, Attachment 1, ¶¶ 11-12.) He alleges that when he stepped into a hole, he dislocated his knee and fractured his left ankle. (*Id.*) After the accident, plaintiff was carried back to his detention area by fellow inmates. (*Id.* at ¶ 14.) A "count" of the prisoners was then undertaken by CO Allen. (*Id.* at ¶ 16.)

Thereafter, defendants Squires and Frazier arrived in plaintiff's detention area for inspection. (*Id.* at ¶ 17.) Seeing that plaintiff Johnson was not standing at attention and had not changed his recreational clothing, defendant Frazier asked plaintiff why he was not properly dressed and standing. (*Id.*) Plaintiff responded that he had hurt his leg on the yard and that his pain prevented him from dressing and standing. (*Id.*) Defendant Frazier then asked plaintiff why he did not go to medical. (*Id.*) Plaintiff replied that he was prevented from going to the medical unit by another officer because of the count. (*Id.*)

Moments later, plaintiff was taken by wheelchair to the prison medical unit where he was examined and a determination was made that plaintiff needed an x-ray. (*Id.* at ¶ 21.) Defendant Smith escorted the plaintiff to an offsite x-ray facility. (*Id.* at ¶ 22.) On the way to the x-ray facility, while entering an elevator, Smith allegedly pushed the wheelchair into the elevator cab with such force that plaintiff had to use his right leg to stop himself from slamming into the rear wall of the elevator. (*Id.*)

Once inside the prison's transport van, Smith shackled plaintiff's injured left ankle by forcing the shackle closed as much as was physically possible allegedly causing plaintiff great pain and suffering. (*Id.* at ¶ 25.) The cuffing and shackling of plaintiff Johnson's wrists and legs were repeated by Smith on the return trip to the prison. (*Id.* at ¶ 26.) Once back at the prison, plaintiff was advised that his ankle was fractured. (*Id.* at ¶ 27.) Plaintiff was given instructions to keep off of his left foot and was given an ace-type bandage and crutches. (*Id.*) All of the above described acts are alleged by plaintiff to have occurred on July 13, 2005.

## Part II - July 20, 2005

Plaintiff Johnson next alleges that on July 20, 2005, seven days after he injured his left ankle, defendant Smith again placed shackles on his ankles before transporting him by prison van to a medical unit at Baldwin State Prison. (*Id.* at ¶ 28.) Plaintiff claims that although he complained that the shackle was too tight on his left leg, Smith ignored his complaint. (*Id.*) Once at Baldwin State Prison, the shackles were removed. (*Id.* at ¶ 31.) Plaintiff complained that the process of having the left ankle shackle removed was very painful and that the shackle was so tight that it left an impression on his ankle. (*Id.*)

Plaintiff then met with defendant Clarence Fossier M.D., who, after an additional x-ray was taken and examined, explained to plaintiff's that his left ankle was indeed fractured. (*Id.* at ¶ 32.) Defendant Fossier prescribed pain medication and advised plaintiff to wear his prison boots laced-up tight for stability and support. (*Id.*) Defendant Fossier told plaintiff that he could walk on his injured ankle and foot. (*Id.*) No other external bracing device or hard or soft casting was provided to the plaintiff. (*Id.*)

Just before the return trip, when defendant Smith attempted to shackle plaintiff's ankles, plaintiff grabbed the shackles from Smith and told him not to use them. (*Id.* at ¶ 34.) Plaintiff claims that Smith grabbed the shackles back and told him that he was going to use the shackles "because you ain't hurt anyway." (*Id.*) After observing this exchange between Smith and the plaintiff, an officer from Baldwin State Prison intervened and restrained plaintiff with plastic shackles which, according to plaintiff, were less painful. (*Id.* at ¶ 35.)

When the van arrived back at Rivers State Prison, Smith ordered the inmates off the van but told plaintiff to stay because he needed to talk to him in private. (*Id.* at ¶ 37.) Once alone, Smith allegedly told plaintiff "you got a smart f****** mouth and evidently you haven't heard about me

because I don't give a f*** about an inmate." (*Id.*) Plaintiff replied that he was going home in five days. (*Id.*) Smith then responded that he did not care about plaintiff going home but knew where plaintiff was headed. (*Id.*) Shortly thereafter, plaintiff was placed in isolation without his boots. (*Id.* at ¶ 39.) While in isolation, plaintiff repeatedly asked defendant Milner for pain medication and was refused. (*Id.* at ¶ 42.) Plaintiff was released from isolation two days later on July 23, 2005 and was subsequently released from custody on July 25, 2005. (*Id.* at ¶¶ 43-44.)

## LEGAL STANDARDS

### A. MOTION TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## B. PERIOD OF LIMITATION

With respect to causes of action based upon 42 U.S.C. § 1983, because the Civil Rights Act does not contain a statute of limitations, the period of limitations to be applied is the State limitations period applicable to personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276-77 (1985). The Eleventh Circuit has concluded that O.C.G.A. § 9-3-33 is the applicable Code section for civil rights cases. *Lawson v. Glover,* 957 F.2d 801, 803 (11th Cir. 1987); *Williams v. City of Atlanta,* 794 F.2d 625, 626 (11th Cir. 1986).

O.G.C.A. § 9-3-33 provides:

> *Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to reputation, which shall be brought within one year after the right of action accrues, and except for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.*

## DISCUSSION

### Uncontested Defendants

At the outset, and after carefully reviewing the state defendants' two motions seeking dismissal, as well as the plaintiff's responses thereto, it is clear that the plaintiff does not object to the state defendants' motions seeking dismissal except with regard to **Officer Smith** and **Tormeika Milner**. Accordingly, since the state defendants' Motions to Dismiss are uncontested as to Warden Wendy Squires, Deputy Warden Frazier, Lt. Wright, CO II Allen, and CO II Jenkins, these defendants should be dismissed from, and terminated as parties to, this action. IT IS SO RECOMMENDED.

Accordingly, the remainder of this discussion will address the motions seeking dismissal only with regard to the other state defendants, to-wit, **Officer Smith** and **Tormeika Milner**.

### Officer Smith

Plaintiff alleges that Officer Smith violated his constitutional right to be free from cruel and unusual punishment on four separate occasions. Specifically, plaintiff contends that Smith repeatedly used excessive force in shackling the plaintiff's injured ankle and that Smith was deliberately indifferent to plaintiff's medical needs. According to the plaintiff, the first two incidents occurred on July 13, 2008 when Smith escorted plaintiff to and from the aforementioned x-ray facility.

The defendants contend that these claims which, according to the plaintiff's own allegations arose on July 13, 2005, should be dismissed. This, the defendants argue, is because any claim arising more than two years before the instant action was filed should be dismissed as untimely. As the instant action was filed on July 19, 2007, and these first two occasions occurred on July 13, 2005, more than two years earlier, the undersigned must agree.

With regard to the third and fourth occasions upon which plaintiff Johnson contends that defendant Smith violated his rights, these events, according to the plaintiff, took place on July 20, 2005. With regard to these claims, and after carefully reviewing the various pleadings by the parties, it appears that the plaintiff has set forth adequate facts to demonstrate that his constitutional rights *may* have been violated; further factual development is necessary. Therefore, dismissal of these claims is inappropriate at this time.

### Tormeika Milner

Tormeika Milner is a RNC/NP employed on the medical staff at River's State Prison. Plaintiff has alleged that during the time he was in isolation following his injury, as well as the days thereafter leading up to his release, he repeatedly asked defendant Milner for his prescribed pain medication. Plaintiff further alleges that defendant Milner was deliberately indifferent to his medical needs when she repeatedly refused to give him the pain medication. Aside from including defendant Milner in the caption to their two motions seeking dismissal, defendants have not made reference to the aforementioned allegations. As such, dismissal of these claims would also be inappropriate at this time.

**CONCLUSION**

Accordingly, IT IS RECOMMENDED that the defendants' Motions to Dismiss (Tabs #8 and #21) be **GRANTED** as to defendants Warden Wendy Squires, Deputy Warden Frazier, Lt. Wright, CO II Allen, and CO II Jenkins. IT IS FURTHER RECOMMENDED that said Motions to Dismiss be **DENIED** as to defendants **Officer Smith** and **Tormeika Milner**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 22nd day of AUGUST, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE