# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHERWIN JOHNSON, : | |
| : | |
| Plaintiff, : | Civil Action No. 5:07-cv-277 |
| : | |
| v. : | PROCEEDINGS UNDER |
| : | 42 U.S.C. § 1983 |
| WENDY SQUIRES et al., : | |
| : | |
| Defendants. : | |

## *ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 30] that Defendants' Motions to Dismiss [Docs. 8 and 21] be **granted in part and denied in part**. Specifically, the Magistrate Judge recommends that all Defendants be dismissed *except* Officer Smith and Tormeika Milner. Moreover, the Magistrate Judge recommends that the claims arising from July 13, 2005, be dismissed as untimely. Thus, pursuant to the Recommendation, the surviving claims arise from the events taking place on July 20, 2005, against Officer Smith and Tormeika Milner. Only Defendant Smith filed an Objection to the Recommendation [Doc. 31], claiming that the Magistrate Judge erred, that Plaintiff's claims against him should be dismissed for failure to state a claim, and that Defendant Smith should be entitled to qualified immunity. Having considered Defendant Smith's Objections and having investigated those matters *de novo*,[1] this Court agrees with the findings and conclusions of the United States Magistrate Judge. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE**

---

[1] The Court notes that Plaintiff did not object to the Magistrate Judge's Recommendation to dismiss all Defendants other than Officer Smith and Tormeika Milner, nor did Tormeika Milner object to the Recommendation to allow Plaintiff's claims against her to remain.

**THE ORDER OF THE COURT**.

Having considered Defendant Smith's Objections, the Court finds them to be without merit.  After reviewing the record, it is clear that Plaintiff has stated a claim sufficient to overcome a Motion to Dismiss with regard to Defendant Smith.  Plaintiff's allegations, taken as true, are also sufficient to overcome Defendant Smith's presumption of qualified immunity.  Insofar as Defendant Smith complains that certain claims against him occurred outside the appropriate period of limitations and should therefore the dismissed, a closer examination of the Recommendation reveals that those claims which arose outside the period of limitations were identified and recommended for dismissal.  Insofar as Defendant Smith complains that any action brought against him in his official capacity should be dismissed as barred by the 11th Amendment, an examination of Plaintiff's Complaint and subsequent pleadings reveal that Defendant Smith has been sued in his individual capacity only.  Therefore, despite Defendant Smith's assertions to the contrary, this Court agrees with the United States Magistrate Judge's Recommendation.

**SO ORDERED**, this 17th day of September 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH