IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHERWIN JOHNSON,

                Plaintiff

    VS.

Officer VERNON SMITH,

                Defendant

NO. 5:07-CV-277 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is defendant Officer Vernon Smith's MOTION FOR SUMMARY JUDGMENT. Tab #46. The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. Plaintiff Sherwin Johnson has responded to the motion (Tabs #52 and #53), and the defendant has replied thereto (Tabs #59 and #60).

## LEGAL STANDARDS

### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

### EXCESSIVE FORCE

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

### FACTUAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: On July 20, 2005, plaintiff Johnson was transported from Rivers State Prison to a nearby outside medical facility for x-rays.[3] Prior to departure, handcuffs and leg irons were applied to the plaintiff. Given the nature and location of his injury, plaintiff objected to the use of leg irons and voiced this objection to the transport officers. Once fitted with leg irons, plaintiff Johnson complained that they were too tight.

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[2] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

[3] This was the plaintiff's second trip to the medical facility for the purpose of having his ankle x-rayed. The injury giving rise to the need for x-rays involved an injury the plaintiff sustained while playing basketball at the prison on July 13, 2005.

In response, the leg irons were removed and replaced with a larger size. Upon arriving at the medical facility, there was some difficulty in removing the leg irons from plaintiff. When the leg irons were removed, plaintiff admits telling defendant Smith that he would not allow them to be used on him during the return trip. Following his x-rays, plaintiff again objected to the application of leg irons. Ultimately, however, leg restraints, either metal or plastic, were reapplied, and plaintiff Johnson was transported back to Rivers State Prison. Upon arrival at Rivers, plaintiff and defendant engaged in a verbal confrontation which led to plaintiff's being placed in administrative segregation for insubordination. Plaintiff was not allowed boots or certain pain medication while in segregation.[4]

## DISCUSSION

Plaintiff Johnson and defendant Smith provide somewhat differing accounts of the incident in question. Plaintiff's version of the pertinent events that took place during his transport to and from the outside medical facility is primarily comprised of his allegation that the defendant, knowing that the plaintiff was suffering from a broken ankle, required him to be fitted with leg irons and in so doing applied the restraints in manner intended to cause the plaintiff extreme pain. Based upon these assertions, plaintiff Johnson alleges a violation of his Eighth Amendment right to be free of cruel and unusual punishment.

In response, the defendant Smith argues that certain stipulated facts clearly establish that he did not use excessive force against plaintiff Johnson. Defendant Smith begins by noting plaintiff's acknowledgment that all inmates must be transported with handcuffs and leg irons pursuant to standard operating procedures. Thus, the defendant observes, he had no choice but to apply leg irons

---

[4]Plaintiff's complaint originally contained several allegations of medical deliberate indifference, however, those claims, and their respective defendants, were dismissed from this action. In addition, any claims of medical deliberate indifference lodged against defendant Smith are simply not supported and, to the degree they remain an issue in this case, should be dismissed.

to the plaintiff.  He next points to the stipulated fact that when plaintiff Johnson complained that his leg irons were too tight, they were replaced with a larger-sized version.  In view of these observations, the defendant avers that his application of leg irons to plaintiff Johnson was mandated by prison procedures and, with respect to the manner in which he applied leg irons to plaintiff Johnson, he argues that the plaintiff's admission that his complaint about the discomfort caused by the leg irons was promptly answered by the application of larger-sized restraints undercuts the veracity of his assertion of a malicious or sadistic motive on the part of the defendant.  The undersigned agrees.

In short, the evidence simply does not support the plaintiff's assertion that the defendant's application of leg irons was done maliciously and/or sadistically for purpose of causing pain or other harm. For this reason, plaintiff Johnson has failed to establish an Eighth Amendment violation. Accordingly, the undersigned **RECOMMENDS** that the defendant's MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 20th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE